IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAR HOLT                        :

   v.                             :  Civil Action No. DKC 16-2393
                                                   Criminal No. DKC 13-0204-004

UNITED STATES OF AMERICA           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the 28 U.S.C. § 2255 motion to vacate, set aside, or correct filed by Petitioner Jamar Holt. (ECF No. 176). Also pending are: a motion to reduce sentence, (ECF No. 173), a motion for leave to file supplement, (ECF No. 194), and a motion for expedited review (ECF No. 225). For the following reasons, the motions to vacate and to reduce sentence will be denied, and the motion to expedite will be denied as moot.

Jamar Holt pleaded guilty on February 4, 2014, to two counts of the third superseding indictment: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, and (2) money laundering. The guilty plea was entered pursuant to a written agreement under Fed.R.Crim.P. 11(c)(1)(C). The parties agreed to a 240-month sentence. In his attempts to obtain a sentence reduction, Mr. Holt argues that he was improperly classified as a career offender and, absent that designation, his sentencing

guideline range has been lowered by an amendment so that he is eligible for a reduction. Despite the changing landscape of sentencing jurisprudence in the last several years, Mr. Holt's quest is unsuccessful.

The Presentence Report calculated that, pursuant to U.S.S.G. § 4B1.1, the total combined offense level was 34, with a criminal history category of VI. Mr. Holt was found to be a career offender because he had two prior felony convictions for controlled substance offenses.[1] The guideline range was 262 to 327 months. The court imposed the agreed-upon variance sentence due to the binding plea, noting the specific motivations of each side. Petitioner did not appeal.

On June 27, 2016, Petitioner filed his § 2255 motion and raised two grounds for challenging his career offender designation: violation of due process and prior conviction older than fifteen years. The first argument asserts that his "career offender" sentence was imposed in violation of due process. He cites to *Johnson v. United States*, 135 S.Ct. 2551 (2015), to argue

---

[1] In the Circuit Court for Baltimore City, Maryland, Case No. 198026044, Mr. Holt was convicted of conspiracy to distribute cocaine and heroin. In this court, Case No. AMD-03-0558, he was convicted of conspiracy to distribute heroin.

2

that the residual clause is unconstitutionally vague.  The second argument asserts that one of the predicate felony convictions was more than 15 years old, and therefore should not have been scored against him under the career offender provisions.

On June 21, 2017, Petitioner, now represented by counsel, filed a motion for leave to supplement the § 2255 motion, to include reliance on *Mathis v. United States*, 136 S.Ct. 2243 (2016) and sought a period of time in which to do so.  (ECF No. 194).  The government opposed the motion, (ECF No. 195), and counsel replied (ECF No. 196).

Mr. Holt had also filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 173), and a supplement (ECF No. 186).  The government responded.  (ECF No. 189).  Mr. Holt replied, (ECF No. 192), and also filed a supplement (ECF No. 218).

**I. Motion to Vacate Pursuant to 28 U.S.C. § 2255**

Section 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  "[T]he scope of review of non-

constitutional error is more limited than that of constitutional error; a non[-]constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999) (internal citations omitted).

While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255.

The Government contends that neither the initial petition nor the supplement is timely filed, but that position relies on rejecting the merits of the Petitioner's arguments. In essence, the petition and the supplement fail because neither *Johnson* nor *Mathis* provide an avenue for relief in a § 2255 proceeding.

First, improper application of the career offender guideline is not a fundamental defect cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015).

Moreover, the void for vagueness doctrine does not apply to the sentencing guidelines. *Beckles v. United States*, 137 S.Ct. 886, 892 (2017). It is not entirely clear what Mr. Holt is arguing with reference to the 15-year limitation. The applicable time period in the guidelines for a prior conviction is one that was "imposed within fifteen years of the defendant's commencement of the instant offense," or "that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e). It does not matter when the prior offense was committed. His state court conviction for conspiracy to distribute heroin and cocaine resulted in imprisonment until November 29, 2000. The offense of conviction in this case involved conduct beginning in October 2012, less than 15 years later. Thus, regardless of when Mr. Holt was sentenced, or resentenced, the conviction would be scored.

The supplement to the petition argues that § 5-602 of the Maryland Code does not provide a qualifying conviction. Very recently, in *United States v. Johnson*, 945 F.3d 174, 2019 WL 6884510, at *5–7 (4th Cir. Dec. 18, 2019), the United States Court of Appeals for the Fourth Circuit held that a Maryland conviction for possession of a controlled substance with intent to distribute constitutes a "controlled substance offense" under the Sentencing

5

Guidelines.  On the other hand, it may be that conspiracy convictions without an overt act requirement do not qualify. *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019); *United States v. Whitley*, 737 Fed. Appx. 147, 149 (4th Cir. 2018). Nevertheless, the issue continues to be an improper application of the career-offender guidelines, an issue not cognizable in a § 2255 proceeding.  *Foote*, 784 F.3d at 940.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Upon review of the record, the court

finds that Petitioner has not satisfied the above standard. Accordingly, a certificate of appealability will not issue.

**II. Motion to Modify Pursuant to 18 U.S.C. §3582(c)(2).**

Pursuant to 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Holt claims that he qualifies for consideration because Amendment 782 reduces the offense level applicable to his case. Amendment 782 lowered the base offense levels for certain drug offenses listed in U.S.S.G. §§ 2D1.1 and 2D1.11. The Government opposes his motion, contending both that he was sentenced pursuant to a "C" plea to a specific term of years, and that the career offender guidelines are not affected by Amendment 782. In a supplement, Mr. Holt cites *Hughes v. United States*, 138 S.Ct. 1765 (2018), which held that relief under § 3582(c)(2) is available when the guideline range was a relevant part of the framework used to accept the "C" agreement or determine the sentence. He then

7

makes the same argument rejected above, *i.e.,* that he was not a career offender because of the *Mathis* error.

Mr. Holt's guidelines have not been lowered by the Sentencing Commission. The drug quantity guidelines were overridden by the career offender guidelines and Amendment 782 has no impact. *See United States v. Jones*, 2019 WL 1559023, at *2-3 (W.D.Va. Apr. 10, 2019). Accordingly, he is not eligible for relief at this time and his motion will be denied.

### III. Conclusion

For the foregoing reasons, Mr. Holt's motion pursuant to 28 U.S.C. §2255, even when considering the supplement, will be denied and a certificate of appealability will not issue. The motion for reduction of sentence will also be denied.

                                               /s/
                               DEBORAH K. CHASANOW
                               United States District Judge